WHIPPLE, J.,
concurring.
1 Here the (underpayment occurred on September 23, 2008. As the record shows, and the majority notes, .the additional amount claimed by St. Tammany was not paid, so it “complained to the Office of Workers’ Compensation, Medical Services by letter dated January 19, 2009.” Thus, pretermitting whether Craig mandates a one-year prescriptive period herein, or, whether a three-year period applies, St. Tammany clearly controverted the underpayment timely.
Thus, I respectfully concur in the ultimate holding.
McCLENDON, J., concurs and assigns reasons.
| T Since the claim for penalties and attorney’s fees arises at the time of the alleged misconduct, no logical basis exists for applying a shorter period of time for the penalty and attorney fee claim than is allowed for the actual claim for benefits. Thus, in this case, the prescriptive period for penalties and attorney’s fees should be the same as the three-year prescriptive *9 period for the underlying claim. Accordingly, I concur with the result reached by the majority.